UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Herman Vymislicky, Plaintiff,

v.                              Case No.: 3:26-CV-451 MAD|CBF

Credit Acceptance Corporation, Defendant.



**COMPLAINT**

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED

MAR 2 3 2026

AT_____ O'CLOCK_____
John M. Domurad, Clerk - Binghamton

**FCRA Complaint – Consolidated Claims and Violations**

This document sets forth claims under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681 et seq., based on inaccurate, inconsistent, and unverifiable credit reporting.

**Applicable Statutes:**

15 U.S.C. §1681e(b) – Failure to assure maximum possible accuracy

15 U.S.C. §1681s-2(b) – Failure to conduct reasonable investigation after dispute

15 U.S.C. §1681s-2(b)(1)(D) – Failure to correct or delete inaccurate information

15 U.S.C. §1681i(a) – Failure to properly reinvestigate disputed information

**Count I – False Delinquency Reporting**

The account reports delinquency on dates where payment history reflects the account as current, creating a materially inaccurate and contradictory reporting condition.

**Violations:** §1681e(b), §1681s-2(b)

**Exhibit:** Exhibit A

**Summary of Supporting Facts:**

The account reflects both first and major delinquency reported as April 1, 2020, despite contemporaneous payment history and internal ledger records indicating the account was current at that time. This date occurs near the beginning of the account and does not align with any qualifying delinquency event. The reporting therefore establishes a contradiction between recorded payment performance and assigned delinquency status, demonstrating inaccurate reporting at inception.

**Count II – Post-Closure Data Manipulation**

The account was reported closed, yet subsequent updates introduced new delinquency data after closure, resulting in temporally impossible reporting.

**Violations:** §1681e(b), §1681s-2(b)

**Exhibit:** Exhibit C

**Summary of Supporting Facts:**

The account reflects a closure date of November 10, 2025. Following this closure, a new major delinquency date of December 1, 2025 was reported. This sequence establishes a post-closure modification of delinquency status, which is temporally inconsistent. The account was also subject to a 1099-C filing at or near the time of closure, further reinforcing that the obligation had reached a finalized state prior to the subsequent delinquency assignment.

**Count III – Fabricated Payment History Entries**

The account reflects 24 payment history entries all dated the same day, corresponding to balances across later reporting periods, indicating backdated and non-contemporaneous reporting.

**Violations:** §1681e(b), §1681s-2(b)(1)(D)

**Exhibit:** Exhibit B

**Summary of Supporting Facts:**

The account contains 24 payment history entries all assigned to October 21, 2021. These entries correspond directly to sequential monthly balances reported between approximately 2023 and 2025. Each balance aligns with a corresponding later reporting period, despite being attributed to a

single historical date. Additional entries were later inserted and backdated to the same historical date, including modifications made during 2025. This structure demonstrates that historical data is derived from later balances rather than independently reported at the time of occurrence.

**Count IV – Failure to Conduct Reasonable Investigation**

Despite dispute, the information was verified as accurate and later modified, demonstrating failure to conduct a reasonable investigation and maintain accurate reporting.

**Violations:** §1681s-2(b), §1681i(a)

**Count V – Continued Post-Verification Modification of Delinquency Data**

The tradeline was modified after the account had already been reported closed and verified as accurate, including reassignment of the major delinquency date to February 6, 2026. This modification occurred after the account had previously been altered during reinvestigation, demonstrating that the delinquency status continued to change despite prior verification of accuracy.

**Violations:** §1681s-2(b), §1681e(b)

**Exhibit:** Exhibit D

Summary of Supporting Facts:

An Equifax report dated March 10, 2026 reflects that the Date Major Delinquency First Reported was changed to February 6, 2026, despite the account having previously been reported closed on November 10, 2025 and previously modified during reinvestigation. This additional change occurred after the furnisher had already verified the account as accurate following dispute. The continued reassignment of delinquency status after verification and closure demonstrates that the information reported was unstable, inconsistent, and not the result of a reasonable investigation.

**Exhibit:** Exhibits A–D

**Summary of Supporting Facts:**

Following formal disputes, the account was verified as accurate. Subsequent changes were later made, including removal of delinquency data, reassignment of delinquency dates, and modification of payment history entries. These post-verification changes demonstrate that the information previously verified as accurate was in fact inaccurate, establishing that the investigation process was not reasonable or adequate under statutory requirements.

**Supporting Pattern of Inconsistency:**

The reporting reflects repeated data changes, including shifting balances, inconsistent delinquency dates, and backdated entries, demonstrating systemic inaccuracies rather than isolated error.

**Exhibit Index:**

Exhibit A – Payment history vs delinquency contradiction
Exhibit B – 24 backdated entries corresponding to later balances
Exhibit C – Post-closure delinquency reporting
Exhibit D – Subsequent Equifax report reflecting additional delinquency reassignment

**PRE-FILING COMMUNICATIONS**

- January 22, 2026 – Preservation Letter sent to Defendant.

- January 30, 2026 – Preservation Letter delivered.

- February 9, 2026 – Defendant issued a written response dated February 9, 2026 stating the account was accurate and that no changes were required.

- February 12, 2026 – Negotiation / Resolution Letter sent to Defendant's agent.

- February 21, 2026 – Negotiation / Resolution Letter made available for pickup.

- February 24, 2026 – Defendant made a telephone call attempt.

- March 11, 2026 – Defendant made a second telephone call attempt.

- March 6, 2026 – Seven-Day Intent-to-File Letter sent.

- March 12, 2026 – Seven-Day Intent-to-File Letter delivered.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court grant the following relief:

1. An order requiring Defendant to correct or delete all inaccurate, incomplete, or misleading information from Plaintiff's credit reports;

2. An award of statutory damages pursuant to 15 U.S.C. §1681n;

3. An award of actual damages pursuant to 15 U.S.C. §1681o, as proven;

4. An award of costs of this action;

5. Such other and further relief as the Court deems just and proper.


Date: March 20, 2026

Respectfully submitted,

Herman Vymislicky
Pro Se Plaintiff

305 Lyon Rd
Bainbridge, NY 13733
607-348-7876
HermanV0929@gmail.com