**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

HERMAN VYMISLICKY,

                              **Plaintiff,**

   **vs.**                                                      **3:26-CV-451**
                                                                **(MAD/CBF)**

CREDIT ACCEPTANCE CORPORATION,

                              **Defendant.**

---

**APPEARANCES:**                                **OF COUNSEL:**

**HERMAN VYMISLICKY**
Bainbridge, New York
Plaintiff, *Pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

*Pro se* Plaintiff Herman Vymislicky filed the original complaint in this action on March 23, 2026. *See* Dkt. No. 1. Plaintiff named Credit Acceptance Corporation as the Defendant, alleging that Defendant violated the Fair Credit Reporting Act ("FCRA") "based on inaccurate, inconsistent, and unverifiable credit reporting," and sought relief in this Court under 15 U.S.C. § 1681. *Id.* Plaintiff also moved to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2. On May 21, 2026, Magistrate Judge Carla B. Freedman granted Plaintiff's IFP motion and issued a Report-Recommendation and Order recommending that the original complaint be dismissed without prejudice because the complaint failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and failed to state a claim for which relief may be granted. *See* Dkt. No. 9 at 4. Magistrate Judge Freedman recommended allowing Plaintiff the opportunity to amend the complaint. *See id.* at 6. On June 6, 2026, before this Court issued any decision on the

1

Report-Recommendation and Order, Plaintiff filed an amended complaint.  *See* Dkt. No. 10. Plaintiff did not file any objections.

When a party files specific objections to a magistrate judge's report-recommendation and order, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  A proper objection must be timely, specific, and "not raise new arguments not previously made before the magistrate judge."  *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025) (citation omitted).  When a party declines to file objections, or "fails to properly object[,]" the district judge reviews the report-recommendation for clear error.  *Id.* at 358-59.  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1). Here, because Plaintiff did not file any objections, the Court will review Magistrate Judge Freedman's recommendations for clear error.

As Plaintiff is proceeding *pro se*, the Court must review his complaint by a more lenient standard than that accorded to "formal pleadings drafted by lawyers."  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y.  2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted).  The court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely "because of their lack of legal training."  *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Although "the filing of an amended [c]omplaint supersedes a plaintiff's original complaint in all respects," *Praileau v. Fischer*, 930 F. Supp. 2d 383, 388 (N.D.N.Y. 2013) (citations omitted), it "does not moot a pending report-recommendation that identifies pleading defects in the original complaint when those defects remain in the . . . amended complaint."  *Id.* at 389.  "A

district court retains the authority—and indeed the duty—to *sua sponte* review the pleading sufficiency of th[e] amended complaint." *Id.*

The Court finds no clear error in Magistrate Judge Freedman's Report-Recommendation and Order. Dismissal of the complaint is appropriate because, even after reviewing Plaintiff's complaint under the requisite lenient standard, Plaintiff's claims are frivolous and the complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. Magistrate Judge Freedman correctly concluded that Plaintiff's original complaint fails to provide Defendant with fair notice of the claims asserted, and only provides elemental recitations of the allegedly violated statutes. *See* Dkt. No. 9 at 5. The complaint accuses Defendant of violating 15 U.S.C. § 1681 of the FCRA by failing to ensure the accuracy of Plaintiff's credit report and failing to investigate inaccurate information. *See* Dkt. No. 1 at 2-5. Plaintiff uses language such as "account reflects" or "account reports," but fails to tie any of his observations to Defendant. *Id.* at 2-5.

None of the information names or references Defendant in any way, and does not outline the harm for which Plaintiff seeks relief. The complaint lacks sufficient context such as "how Defendant was personally involved in any alleged violation of law, how the alleged conduct was committed, how [Plaintiff] was harmed, or how such alleged conduct relates to any claim for legal relief." *Story v. United States*, No. 1:24-CV-00631, 2024 WL 4849844, *2 (N.D.N.Y. Nov. 21, 2024). Magistrate Judge Freedman therefore correctly concluded that Plaintiff's original complaint fails to meet the requirements of Rule 8 because it "wholly fails to provide Defendant with fair notice of the claims asserted" and "fails to explain how Defendant violated such statutes." Dkt. No. 9 at 5. The Court agrees that because "the sole Defendant was not mentioned in the Plaintiff's recitation of the facts," dismissal of the original complaint is appropriate.

3

*Rummler v. Jefferson Cnty. Emergency Med. Serv.*, No. 5:25-cv-1062, 2025 WL 3142416, *3 (N.D.N.Y. Nov. 10, 2025); *see also* Dkt. No. 9.

Magistrate Judge Freedman recommended granting Plaintiff leave to amend the original complaint.  *See* Dkt. No. 9.  Finding no clear error, the Court would adopt the recommendation that the original complaint be dismissed without prejudice and with opportunity to amend, had Plaintiff not already filed an amended complaint.

The amended complaint appears to be an attempt to correct the defects in the original complaint identified by Magistrate Judge Freedman.  *See* Dkt. No. 10.  "It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)).  "However, the amended complaint must be reviewed to determine whether Plaintiff has corrected the pleading defects identified by Magistrate Judge [Freedman] (and/or if the amended complaint asserts new claims plagued by other pleading defects)." *Jarvis v. Knapp*, No. 5:25-CV-1167, 2025 WL 2926959 *4-5 (N.D.N.Y. Oct. 15, 2025).  Accordingly, the Court refers the amended complaint to Magistrate Judge Freedman to analyze the claims pursuant to 28 U.S.C. § 1915.

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Freedman's Report-Recommendation and Order (Dkt. No. 9) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's original complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**; and the Court further

4

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 10) is deemed the operative pleading in this action; and the Court further

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 10) is referred to Magistrate Judge Freedman for review of its pleading sufficiency pursuant to 28 U.S.C. § 1915; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  June 25, 2026
       Albany, New York

Mae A. D'Agostino
U.S. District Judge